**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERMAN TORRES, individually and on behalf of others similarly situated,<br><br>           Plaintiff,<br>   v.<br><br>AIRGAS USA, LLC; DOES 1–100, inclusive<br><br>           Defendants. | Case No. 2:13-cv-04735-ODW (MANx)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO CONTINUE CLASS CERTIFICATION FILING DEADLINE [11]** |

    On September 26, 2013, Plaintiff German Torres filed an Ex Parte Application for Order Extending Deadline for Filing Motion for Class Certification. (ECF No. 11.) Ostensibly, Plaintiff filed this Application in response to the Court's September 16, 2013 Order to Show Cause re. Class Certification. (ECF No. 10.) The Court ordered Torres to show cause by September 26, 2013, why he had not moved for class certification and informed Torres that failure to move for certification by that date would result in denial of any late class-certification motion. (*Id.* at 2.)

    Torres requests that the Court extend the certification deadline to January 24, 2014, so that he can conduct class-certification discovery and prepare his motion. Torres further avers that he needs more information to determine numerosity, commonality, and to investigate Defendant Airgas USA, LLC's policies and practices related to the putative class's claims.

District courts have broad discretion over the class-certification process, including whether to permit certification-related discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). A party is not entitled to certification discovery, though the pleadings alone often do not suffice to resolve the certification question. *Id.* When a district court sets a deadline, the party seeking to alter that date must present good cause for the change. Fed. R. Civ. P. 6(b)(1).

The tenor of Torres's ex parte application makes it seem as though today—the current deadline for class certification—will be just the beginning of Torres's investigation into the certification requirements. And that is not to mention the motion and supporting documents that he will need to prepare.

While Federal Rule of Civil Procedure 23 does not include a time period, Local Rule 23-3 provides that within "90 days after service of a pleading purporting to commence a class action . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." The plain language of the Local Rule is clear and unambiguous. To permit extension of the 90-day deadline would frustrate Rule 23(c)(1)(A)'s directive, which requires the court to determine at "an early practicable time . . . whether to certify the action as a class action."

Sound practical considerations undergird the demand for a timely class-certification motion. A representative plaintiff's delay in filing for class certification impedes the court's consideration of the issue and—more importantly—can prejudice the rights of the class members. Indeed, "pertinent statutes of limitation may be running and important interests may be exposed to injury or destruction." *Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695 (N.D. Fla. 2006). While the determination of class certification is delayed, members of a putative class "may be led by the very existence of the lawsuit to neglect their rights until after a negative ruling on this question—by which time it may be too late for the filing of independent actions." *Id.* Of course, these harms are not a concern if the action is ultimately

determined to be properly maintainable as a class action. But that can be known only after the class-certification motion is filed.

Permitting Torres to extend the certification filing deadline to conduct discovery would subvert the interests of diligence required by Rule 23(c)(1)(A). Local Rule 23-3 was written to further the interests of Federal Rule of Civil Procedure 23(c)(1)(A). This Court will not craft unnecessary exceptions to hamper them, especially when the Court is not convinced that Plaintiff is not engaging in fish-expedition-style certification discovery.

And if Torres cannot timely file a class-certification motion, that raises questions as to whether Torres can adequately protect the class's interests as required by Rule 23(a)(4). An inability to timely move for class certification reflects a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); *see also Williams v. S. Bell Tel. and Tel. Co.*, No. 77-1895-CIV-WMH, 1978 WL 73, at *2 (S.D. Fla. Apr. 4, 1978) (failure of plaintiff to properly and timely move for class determination "raises serious questions as to whether he will fairly and adequately represent the class and protect their interests."); *Jones*, 243 F.R.D. at 695.

The Court finds that Torres has not presented good cause to extend the class-certification deadline. The Court accordingly **DENIES** Torres's Ex Parte Application. (ECF No. 23.)

**IT IS SO ORDERED.**

September 26, 2013

_____
          **OTIS D. WRIGHT, II**
   **UNITED STATES DISTRICT JUDGE**